IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

SPENCER PETERS,

        Petitioner,

v.                                          Case No. 1:21-cv-00203

FCI MCDOWELL WARDEN,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Spencer Peters's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Respondent filed a response to the petition requesting that it be dismissed. (ECF No. 8). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**; Respondent's request for dismissal be **GRANTED**; and this action be **DISMISSED**, with prejudice, and removed from the docket of the Court. Because the undersigned conclusively **FINDS** that Petitioner is not entitled to the relief requested, an evidentiary hearing is not warranted. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

## I.    Factual and Procedural History

Petitioner is incarcerated in Federal Correctional Institution McDowell in Welch,

West Virginia and is projected to be released on May 16, 2042. *See* Find an Inmate, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc. In 2009, Petitioner was convicted in the United States District Court for the Eastern District of Virginia ("Sentencing Court") of conspiracy to distribute 50 or more grams of cocaine base in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(A)(iii) (hereinafter "Count I") and conspiracy to possess firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(o) (hereinafter "Count II"). *United States v. Peters*, 843 F.3d 572, 573–74 (4th Cir. 2016); (ECF No. 2-1 at 2). Prior to trial, the government filed an Information pursuant to 21 U.S.C. § 851 regarding its intention to seek an enhanced sentence based on Petitioner's two prior felony drug convictions. (ECF No. 8-2 at 2-3). By statute, Petitioner faced a mandatory life sentence on Count I if he had two predicate felony drug convictions or a mandatory 20-year minimum sentence for one predicate felony drug conviction. (*Id.* at 2) (citing 21 U.S.C. § 841(b)(1)(A)).

The probation officer determined in Petitioner's presentence report that Petitioner had one qualifying prior felony drug conviction. (ECF No. 8-4 at 3 n.1). Therefore, the Sentencing Court applied the statutory minimum sentence of 20 years for Count I, and it considered the advisory sentences under the United States Sentencing Guidelines of life in prison on Count I and 20 years imprisonment on Count II. (ECF No. 8-13 at 3, 16). The Sentencing Court ultimately sentenced Petitioner to concurrent 40 and 20-year terms of imprisonment on Counts I and II, respectively. (ECF No. 2-1 at 3).

Petitioner filed an unsuccessful direct appeal and motion under 28 U.S.C. § 2255, neither of which challenged the predicate felony used to impose his mandatory minimum sentence. *United States v. Peters*, 392 Fed. Appx. 161, 162 (4th Cir. 2010); *United States v. Peters*, No. 3:08CR186, 2015 WL 749917, at *1-3 (E.D. Va. Feb. 20, 2015). Petitioner

then filed the instant petition under 28 U.S.C. § 2241 in this Court. (ECF No. 1). According to Petitioner, new rules announced by the Supreme Court of the United States ("Supreme Court") in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) apply retroactively to invalidate his predicate felony drug offenses for the purpose of applying the 20-year minimum sentence under 21 U.S.C. § 841(b)(1)(A). (ECF Nos. 1, 2).

In response to the petition, the United States argues that Petitioner challenges the validity, not the execution, of his sentence, and his claims must be raised under § 2255. (ECF No. 8 at 5-6). Furthermore, the government contends that Petitioner cannot avail himself of the savings clause because he cannot satisfy the test established in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), and he is not alleging actual innocence. (*Id.* at 9-15). In reply, Petitioner contends that *Carachuri-Rosendo* was made retroactive and *Mathis* was decided after he filed his § 2255 motion, which satisfies the second *Wheeler* prong. (ECF No. 11 at 2-3). Furthermore, he states that, regardless of the fact that his guideline range exceeded 20 years, his 20-year statutory minimum sentence was still invalid. (*Id.*).

## II.   <u>**Standard of Review**</u>

The United States filed a response concurrently with its request for dismissal. Therefore, the motion should be treated as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, whether the Court construes the motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the distinction makes no practical difference as the same standard of review applies to either motion, and both motions may be filed in

3

habeas actions. *Id.*; *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship,* 471 F.3d at 526 n.1).

## III.  Discussion

Despite the title that Petitioner affixed to his petition, he unequivocally challenges the validity of his sentence, as opposed to its execution. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal

4

judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

Nevertheless, on rare occasions, issues reserved for motions under § 2255 may be raised in petitions for habeas relief filed under § 2241. The "savings clause," found at 28 U.S.C. § 2255(e), allows a § 2241 petition to take the place of a § 2255 motion when "§ 2255 proves inadequate or ineffective to test the legality of detention." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted). To trigger the savings clause, a petitioner challenging his sentence must show that all of the following factors exist: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *Wheeler*, 886 F.3d at 429.

The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Wheeler* criteria. *See Hood v. United States*, No. 01-6151, 2001 WL 648636, at *1 (4th Cir. June 12, 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014). The savings clause requirements are jurisdictional, rather than procedural. *Wheeler*, 886 F.3d at 426. Therefore, the court does not have jurisdiction to entertain the § 2241 petition if the *Wheeler* criteria are not met. *Id*.

In this case, Petitioner cannot pursue his claim under § 2241, because he is unable

to satisfy all four prongs of the *Wheeler* test. Specifically, Petitioner fails to establish the second prong that "subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review." *Wheeler*, 886 F.3d at 429. Petitioner relies on two cases to satisfy this prong: *Mathis* and *Carachuri-Rosendo*.

In *Mathis*, the Supreme Court determined that a state crime cannot qualify as a predicate conviction under the Armed Career Criminal Act (ACCA) if the elements of the state offense are broader than those of a listed generic offense based on an "elements-only inquiry," not a modified categorical approach. *Mathis*, 136 S. Ct. at 2251. In *Carachuri–Rosendo*, the Supreme Court held that whether a conviction is, for purpose of the Immigration and Nationality Act, an "aggravated felony" must be determined by looking at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct, and to qualify as an aggravated felony the crime must be one for which "the maximum term of imprisonment authorized is more than one year." *Miller v. United States*, 735 F.3d 141, 143 (4th Cir. 2013) (internal markings omitted).

As relevant to this matter, neither *Mathis* nor *Carachuri-Rosendo* created a substantive change in law that was made retroactive to cases on collateral review, and thus Petitioner cannot satisfy the second element of the *Wheeler* test based on those rulings. *Hird v. Andrews*, 728 Fed. Appx. 217, 2018 WL 3145942, at n.* (4th Cir. June 26, 2018) (stating that the district court accurately observed that the Supreme Court's ruling in *Mathis* does not apply retroactively to cases on collateral review); *United States v. Powell*, 691 F.3d 554, 559–60 (4th Cir. 2012) ("Because the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying

recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that *Carachuri* is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."); *Davis v. Rickard*, No. 1:18-CV-01192, 2019 WL 4793389, at *6–7 (S.D.W. Va. June 24, 2019), *report and recommendation adopted,* 2019 WL 4780814 (S.D.W. Va. Sept. 30, 2019) (collecting cases stating that *Mathis* is not retroactive); *Hidalgo v. Rickard*, No. 1:18-CV-01540, 2019 WL 8195222, at *7–8 (S.D.W. Va. Sept. 19, 2019), *report and recommendation adopted,* No. CV 1:18-01540, 2020 WL 1164815 (S.D.W. Va. Mar. 9, 2020); *Adams v. Coakley*, No. 1:17CV180, 2019 WL 3428549, at *2–3 (N.D.W. Va. July 30, 2019); *Garcia-Rodriguez v. Breckon*, No. 7:18CV418, 2020 WL 1929139, at *4 (W.D. Va. Apr. 21, 2020) (holding that a § 2241 petitioner could not satisfy *Wheeler* because *Carachuri-Rosendo* is not retroactively applicable to cases on collateral review).

Petitioner cites *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) and *Sutton v. Quintana*, No. 16-6534, 2017 WL 4677548, at *2 (6th Cir. July 12, 2017) as standing for the proposition that *Mathis* applies retroactively to cases on collateral review. (ECF No. 2 at 4). Yet, even if Petitioner's interpretation is correct, he fails to show any applicability of those cases to the present matter, which is governed by Fourth Circuit law. *See Ham v. Breckon*, 994 F.3d 682, 695 (4th Cir. 2021) (explaining that law from the Sixth and Seventh Circuits is inapplicable to a savings clause analysis in the Fourth Circuit, because the Sixth and Seventh Circuits do not require the petitioner to show a change in settled substantive law, which is a requirement of the *Wheeler* test). Both the Sentencing Court, the court in which Petitioner was convicted and sentenced, as well as this Court, where the § 2241 petition is presently pending, are within the Fourth Circuit's jurisdiction. Therefore, Petitioner does not assert any possible justification that the law

of the Sixth or Seventh circuits applies. In the Fourth Circuit, it is clearly established that Petitioner cannot collaterally attack his sentence based on *Mathis*.

The parties appear to erroneously agree that *Carachuri-Rosendo* was made retroactive on collateral review in *Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013). (ECF Nos. 2 at 4, 8 at 9). After *Carachuri-Rosendo* was decided, the Fourth Circuit issued its ruling in *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011), holding that a defendant's prior conviction for which he could not have received more than one year in prison under North Carolina's mandatory Structured Sentencing Act, was not "punishable" by more than one year in prison and was not a felony offense for purposes of federal law. *See Miller*, 735 F.3d at 144. The Fourth Circuit then decided *Miller* in August 2013, establishing that *Simmons* is retroactive on collateral review for claims of actual innocence of an underlying Section 922(g) conviction. *Id.* at 147. However, the Fourth Circuit cautioned that, although it relied on *Carachuri-Rosendo* in reaching its decision in *Simmons*, it did not mean that *Carachuri-Rosendo* itself announced a new rule of substantive criminal law, only that the Fourth Circuit applied *Carachuri-Rosendo* in such a way as to announce such a new substantive rule. *Id.* at 146. Therefore, the parties' statements regarding *Carachuri-Rosendo* being retroactive on collateral review are not technically correct. *See United States v. Bowman*, 561 Fed. Appx. 294, 298 (4th Cir. 2014) (explaining that "[t]he Supreme Court's decision in *Carachuri–Rosendo v. Holder,* 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010) ... is not retroactively applicable to cases on collateral review.").

In any event, the United States correctly states that Petitioner could have raised any such claims in his § 2255 motion. Although Petitioner filed the motion in 2012 before *Miller* was decided in 2013, the Sentencing Court did not rule on the § 2255 motion until

2015. *Miller*, 735 F.3d at 147; (ECF No. 8-1 at 12). The Fourth Circuit recently considered a situation in which a petitioner's § 2255 motion was filed between the change in substantive law and the declaration of its retroactivity. *Braswell v. Smith*, 952 F.3d 441, 447–48 (4th Cir. 2020). In considering those rare facts and the entirety of the *Wheeler* opinion, the Fourth Circuit specified that, in order for a petitioner to satisfy the second *Wheeler* prong, "the *combination* of the change in settled substantive law and its retroactivity must occur after the first § 2255 motion has been resolved." *Id.*; *see also Arnold v. United States*, No. 305CR46RJCDSC2, 2020 WL 6587083, at *4 (W.D.N.C. Nov. 10, 2020).

Petitioner asserts that he relies on a change in law made retroactive on collateral review in 2013, which clearly occurred before the resolution of his § 2255 motion in 2015. His emphasis on the fact that he filed the motion in 2012 is of no consequence because it was pending, and he could have raised the claims he asserts herein, after *Miller* was decided. In fact, as the government aptly noted, Petitioner filed a "citation of additional authority" in October 2013, referencing only *Alleyne v. United States,* 570 U.S. 99 (2013), and he did not mention *Miller* or the change in law that it made retroactive on collateral review. *Peters*, 2015 WL 749917, at *11. For that reason, Petitioner does not satisfy the second *Wheeler* prong.

Given that Petitioner cannot meet the *Wheeler* criteria, the undersigned concludes that his petition is a motion under § 2255. As such, this Court lacks subject matter jurisdiction to entertain the merits of his claim. Unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), section 2255 directs the prisoner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

In Petitioner's case, the United States District Court for the Eastern District of Virginia is the proper court to consider his challenge to his sentence.

By statute, "upon receiving a wrongfully filed petition in a civil action, a court 'shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.'" *United States v. McNeill*, 523 Fed. Appx. 979, 983 (4th Cir. 2013) (quoting 28 U.S.C. § 1631). Therefore, if this Court chooses to construe the petition as a § 2255 motion, then the matter eventually must be transferred to the proper jurisdiction. However, transfer of a petition that is filed in the incorrect court is not mandatory. *Id*. at 984. Rather, a district court retains the discretion to dismiss a petition that is frivolous or time-barred. *Id*. In this case, Petitioner's apparent lack of authorization from the Fourth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the Sentencing Court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed

> as if it had been filed in ... the court to which it is transferred on the date
> upon which it was actually filed in ... the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 Fed. Appx. 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

For an appellate court to grant a request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, transferring Petitioner's petition to the Fourth Circuit for consideration as a request for leave to file a successive § 2255 motion would be futile. As

discussed above, Petitioner does not rely on a new rule of constitutional law which applies retroactively on collateral review, as is necessary to proceed under § 2255(h)(2). He additionally alleges no new facts which would entitle him to proceed under § 2255(h)(1).

For the above reasons, the undersigned **FINDS** that the Court lacks jurisdiction to consider Petitioner's petition, which is properly construed as a § 2255 motion, and it would be futile to transfer the matter to the sentencing jurisdiction because Petitioner does not have authorization to file a successive § 2255 motion, nor does not assert any basis for the Fourth Circuit to grant such authorization. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding district judge **DENY** the petition and **DISMISS** this action with prejudice.

## IV.    <u>Proposal and Recommendations</u>

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, (ECF No. 8); the petition be **DENIED**, (ECF No. 1); and that this action be **DISMISSED**, with prejudice, and **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge

for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** March 17, 2022

Cheryl A. Eifert
United States Magistrate Judge