```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

SPENCER PETERS,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:21-00203

FCI MCDOWELL WARDEN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation on March 17, 2022, in which she recommended that the district court deny plaintiff's petition for a writ of habeas corpus, grant respondent's request for dismissal, dismiss plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. See Snyder v.

Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Peters' objections to the PF&R were received on April 7, 2022.  See ECF No. 13.  With respect to those objections, the court has conducted a de novo review.  Additionally, on August 23, 2023, defendant filed a motion for leave to file supplemental authority.  See ECF No. 14.  That motion is **GRANTED**.

In 2009, in the United States District Court for the Eastern District of Virginia, Peters was convicted of conspiracy to distribute fifty grams or more of cocaine base (Count One), in violation of 21 U.S.C. § 846, and conspiracy to possess firearms in furtherance of a drug trafficking offense (Count Two), in violation of 18 U.S.C. § 924(o).  Prior to trial, the government filed a notice pursuant to 21 U.S.C. § 851 of its intent to seek an enhanced sentence for Peters based on two prior felony drug offenses.  The court sentenced Peters to 480 months of imprisonment on Count One and a concurrent 240-month sentence on Count Two.

In the instant case, Peters argues that new rules announced by the Supreme Court in Mathis v. United States, 136 S. Ct. 2243 (2016), and Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), apply retroactively to invalidate the predicate felony drug offenses which drove his 20-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A).

Peters objects to the PF&R's conclusion that his claims are not cognizable in § 2241. As Magistrate Judge Eifert correctly noted, Peters challenges the validity of his conviction and sentence and, therefore, in view of the nature of his claims, his application must be considered as a Motion to Vacate, Set Aside or Correct his sentence under § 2255. Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."); see also Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 568 (4th Cir. 2021) ("Federal prisoners generally must use the remedy-by-motion mechanism provided in 28 U.S.C. § 2255 to challenge their convictions or sentences."); Farkas v. FCI Butner, 972 F.3d 548, 550 (4th Cir.

2020) ("Congress requires every federal prisoner who collaterally attacks his conviction to employ the motion mechanism provided in 28 U.S.C. § 2255"). "That statute 'affords every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence.'" Slusser v. Vereen, 36 F.4th 590, 594 (4th Cir. 2022) (quoting Marlowe, 6 F.4th at 568). "For most, that is the end of the road." Id.

"But Congress has given federal prisoners the opportunity to pursue a second Section 2255 motion in certain 'very limited circumstances.'" Id. (quoting Lester v. Flournoy, 909 F.3d 708, 710 (4th Cir. 2018)). "Specifically, Congress has authorized courts of appeals to permit a second or successive motion if a federal prisoner makes a prima facie showing that either (1) 'newly discovered evidence' proves he was not guilty of his offense or (2) a 'previously unavailable' 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,' entitles him to relief." Id. (quoting 28 U.S.C. § 2255(h)).

§ 2255 does, however, "preserve[] the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)). This provision is

4

commonly referred to as the "savings clause." Id.; see also Farkas, 972 F.3d at 550 (referencing a "so-called 'savings clause' exception").

In 2000, the United States Court of Appeals for the Fourth Circuit announced a "test" by which a court should determine whether to grant habeas relief under the savings clause, holding that a court should consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time of conviction; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion such that the conduct of which the prisoner was convicted is no longer criminal; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law. Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)). This three-part test is referred to as "the Jones test". Farkas, 972 F.3d at 559.

Almost twenty years later, in 2018, the Fourth Circuit held that a person in federal custody may, under certain circumstances, use the savings clause to challenge his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (2018). In Wheeler, the Fourth Circuit held that § 2255 was inadequate or ineffective to test the legality of a sentence when:

5

>   (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000)).

Of the "limited circumstances: that would "justify resort to § 2241[,]" the United States Court of Appeals for the Fourth Circuit noted:

>   [W]e think it is beyond question that "§ 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted); Lester [v. Flournoy], 909 F.3d at 716. In other words, a test is not "inadequate" just because someone fails it.
>
>   Second, the "savings clause" is structured as an exception to AEDPA's comprehensive limitations on the scope of habeas review. Thus, to prevent the exception from swallowing the rule, we have interpreted the "savings clause" narrowly, reasoning that it must encompass only "limited circumstances." In re Jones, 226 F.3d at 333. "A contrary rule," we have explained "would effectively nullify" § 2255's specific limitations." Id.

Farkas, 972 F.3d at 556.

Magistrate Judge Eifert concluded that Peters could not satisfy the Wheeler test and recommended dismissal of his petition. Peters objected, arguing that he should be allowed to proceed under 28 U.S.C. § 2241.

Last year, after the PF&R was issued and plaintiff filed his objections, the Supreme Court held that the savings clause of § 2255(e) "does not authorize [ ] an end-run around AEDPA." Jones v. Hendrix, 143 S. Ct. 1857, 1868 (2023). In that decision, the Court recognized that most of the appeals courts had found "workaround[s] in the savings clause by holding that § 2255 was 'inadequate and ineffective' under the savings clause—and that § 2241 was therefore available—when AEDPA's second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." Id. The Fourth Circuit's Jones test is such a "workaround."

According to the Court:

> In § 2255(h), Congress enumerated two—and only two— conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a

federal sentence is not authorized unless one of those two conditions is satisfied. . . . Even more directly, § 2255(h)(2)'s authorization of a successive collateral attack based on new rules "of <u>constitutional</u> law" implies that Congress did not authorize successive collateral attacks based on new rules of <u>nonconstitutional</u> law.  Had Congress wished to omit the word "constitutional," it easily could have done so.

The saving clause does not undermine this strong negative inference.  Basic principles of statutory interpretation require that we construe the saving clause and § 2255(h) in harmony, not set them at cross-purposes. . . .  That task is not difficult given the distinct concerns of the two provisions. Subsection (h) presumes—as part of its background—that federal prisoners' collateral attacks on their sentences are governed by § 2255, and it proceeds to specify when a <u>second or successive</u> collateral attack is permitted.  The saving clause has nothing to say about that question. . . .

After AEDPA, as before it, the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence.  Because AEDPA did not alter the text of § 2255(e), there is little reason to think that it altered the pre-existing division of labor between §§ 2241 and 2255.  AEDPA's new restrictions on § 2255, therefore, are best understood as just that— restrictions on § 2255—not as expansions of § 2241's applicability.

Any other reading would make AEDPA curiously self-defeating.  It would mean that, by expressly excluding second or successive § 2255 motions based on nonconstitutional legal developments, Congress accomplished nothing in terms of actually limiting such claims.  Instead, it would have merely rerouted them from one remedial vehicle and venue to another. . . .

***

> Here, as often is the case, the best interpretation is the straightforward one.  Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences.  The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause.  It means that he cannot bring it at all.  Congress has chosen finality over error correction in his case.

Id. at 1868-69 (emphasis in original) (cleaned up).

The upshot of the Court's decision in Jones v. Hendrix is that satisfying the tests articulated in Jones and Wheeler no longer establishes that § 2255 is inadequate or ineffective to test the legality of a conviction or sentence.  In other words, "it appears that Jones and Wheeler have been abrogated."  Patel v. Warden, Federal Correctional Facility Danbury, CT., Civil Action No. 3:23-cv-366 (DJN), 2023 WL 5243383, at *2 (E.D. Va. Aug. 15, 2023).

Here, Peters does not satisfy either of the two conditions in § 2255(h).  He has not identified any newly discovered evidence and his claim is not based upon a new rule of constitutional law.  Therefore, Peters cannot proceed under § 2241 and his objections are **OVERRULED**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's

9

objections and adopts the findings and recommendations contained therein as modified by this opinion's reliance on new case law. Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **GRANTS** defendant's request for dismissal, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 without prejudice,[*] and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing

---

[*] The court declines to adopt the PF&R's recommendation to dismiss this action with prejudice and instead dismisses this action without prejudice for lack of jurisdiction. See Buey v. Warden, FCI McDowell, No. 20-7483, 2021 WL 753610, at *1 (4th Cir. Feb. 26, 2021) (modifying dismissal order to reflect a dismissal without prejudice for lack of jurisdiction); see also United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018) ("[T]he savings clause is a jurisdictional provision.").

10

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 28th day of March, 2024.

ENTER:

David A. Faber
Senior United States District Judge